**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEVIN D. BRYANT,<br>Inmate Booking #200735775,<br><br>                        Plaintiff,<br><br>vs.<br><br>UNKNOWN RIVERSIDE COUNTY<br>SHERIFF'S DEPARTMENT DEPUTIES,<br><br>                        Defendants. | Civil No.   08-0734 H (NLS)<br><br>**ORDER TRANSFERRING CIVIL ACTION FOR LACK OF PROPER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION, PURSUANT TO 28 U.S.C. § 84(c)(1), 28 U.S.C. § 1391(b) AND 28 U.S.C. § 1406(a)** |

      Kevin D. Bryan ("Plaintiff"), a pretrial detainee currently housed at the Robert Presley Detention Center located in Riverside, California, has filed a civil rights Complaint. In this Complaint, Plaintiff alleges that Riverside County Sheriff's Deputies have violated the constitutional rights of inmates housed at the Robert Presley Dentention Center   Plaintiff has not prepaid the $350 civil filing fee mandated by 28 U.S.C. § 1914(a)  nor he has filed a Motion to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915(a).

////

**I.**

**LACK OF PROPER VENUE**

Upon initial review of the Complaint, the Court finds that Plaintiff's case lacks proper venue. Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district in or division in which it could have been brought." 28 U.S.C. § 1406(a).

Here, Plaintiff claims constitutional violations based on events which are alleged to have occurred at the Robert Presley Dentention Center, which is located in Riverside County. *See* Compl. at 1-3. Moreover, no defendant is alleged to reside in the Southern District. *See* 28 U.S.C. 84(d) ("The Southern District [of California] comprises the counties of Imperial and San Diego.").

Therefore, venue is proper in the Central District of California, Eastern Division, pursuant to 28 U.S.C. § 84(c)(1), but not in the Southern District of California. *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.

**II.**

**CONCLUSION AND ORDER**

Accordingly, **IT IS HEREBY ORDERED** that the Clerk of the Court shall transfer this case for lack of proper venue, in the interests of justice and for the convenience of all parties,

1  to the docket of the United States District Court for the Central District of California, Eastern
2  Division, pursuant to 28 U.S.C. § 84(c)(1), 28 U.S.C. § 1391(b) and 28 U.S.C. § 1406(a).
3
4  DATED: April 28, 2008
5
6                                          **HON. MARILYN L. HUFF, District Judge**
                                        **UNITED STATES DISTRICT COURT**